UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAVID STANFIELD                                                                                              PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:12CV-P54-M

LaDONNA THOMPSON *et al*.                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David Stanfield, a prisoner proceeding *in forma pauperis* has filed a *pro se* complaint alleging that Defendants violated the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. §1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will allow the individual-capacity claims for damages for alleged denial of medical and dental care to go forward against Defendant Herrington. The Court will provide Plaintiff an opportunity to amend his retaliation claim. All other claims against Defendant Herrington will be dismissed from this action as will Defendant Thompson and all of the claims against her.

**I. SUMMARY OF CLAIMS**

Plaintiff names two Defendants in this action, LaDonna Thompson, the Commissioner of the Kentucky Department of Corrections, and Ron Herrington, Jailer at the Henderson County Jail. Each is sued in his or her individual capacity. At the time Plaintiff filed this complaint, he was incarcerated at the Henderson County Jail. However, he has filed a change of address with the Court indicating that he is now incarcerated at the Daviess County Jail. As relief, Plaintiff requests this Court to transfer him to a state penal institution, "For the US Marshall to come in

And Correct this place," for an "Injunction against the Defendants so they will not do Anymore Retaliation against me," and monetary damages.

In his complaint Plaintiff states that while incarcerated at the Henderson County Jail, he requested treatment for his bipolar disorder for which he takes Lithium, but Defendant Herrington refused his request. Plaintiff also states that he requested dental treatment for a tooth that needed to be pulled. According to Plaintiff, as to this request, he "was told to come back in 30 days No treatment Again." Plaintiff states that at some point he became constipated and was "locked-up for over 30 days trying to get treatment." He did not get treatment, so, Plaintiff contends, he was forced to take matters into his own hands, injuring himself in the process. As to the contended lack of medical treatment, Plaintiff states "these defendant Are showing A 'deliberate indifferance' to Serious Medical Needs while Acting under the Colors of State Law in their (Individual-Capacity."

Plaintiff further contends that Defendant Herrington denied him access to the courts by refusing him copies, writing paper and envelopes. He states that he made numerous requests for these items, which he needed for his ongoing criminal case in Franklin Circuit Court, but he never received the items. Plaintiff requested hygiene items from Defendant Herrington including soap and toothpaste, but these too, according to Plaintiff, were refused. Plaintiff contends that Defendant Herrington is serving meals that are not balanced and the portions are unacceptable. Further, Plaintiff states that Defendant Herrington does not have a workable prison grievance procedure. Plaintiff indicates he has filed "Numerous Grievance but they never send them back to me." As to the grievance issue, Plaintiff contends that "Both defendant had knowledge and

refused to Act." Finally, Plaintiff states that in February 2012, "this Defendant Lock down the plaintiff for Using his rights to the Franklin Circuit Court on A ongoing Action in that Court."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915A, a district court must dismiss a case or any portion of a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all

3

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A. Claims Against Defendant Thompson**

Plaintiff appears to seek to hold Defendant Thompson liable based on her position as Commissioner of the Kentucky Department of Corrections. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d at 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). To state a claim for relief, Plaintiff must show how each Defendant is accountable

because that Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Here, Plaintiff fails to plead any specific wrongdoing committed by Defendant Thompson. He makes only general allegations in relation to this Defendant. In his complaint Plaintiff states that Defendant Thompson failed to act upon his numerous complaints, "[b]oth defendant had knowledge and refused to Act," and "these defendant are showing a 'deliberate indifference' to serious medical needs." Nothing in the complaint or attachments sets forth any action taken on the part of Defendant Thompson or shows how Defendant Thompson was personally involved in the alleged wrongful conduct. Plaintiff, therefore, has failed to state a claim upon which relief may be granted against Defendant Thompson. Defendant Thompson and the claims against her will be dismissed from this action.

## B. Claims Against Defendant Herrington

### 1. Injunctive and Declaratory Relief

In this action Plaintiff seeks injunctive and declaratory relief. At the time he filed his complaint, he was incarcerated at the Henderson County Jail. He subsequently filed a change of address with the Court indicating that he has been transferred to the Daviess County Jail. Since Plaintiff is no longer incarcerated at the Henderson County Jail, his requests for declaratory and injunctive relief are moot. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

### 2. Prison Grievance Procedure

Plaintiff contends that Defendant Herrington does not have a grievance procedure in the jail that works. He states that he has filed numerous grievances, "but they never send them back

to me." Plaintiff claims that this insufficient grievance procedure is a violation of the First Amendment. Prisoners do not possess a constitutional right to a prison grievance procedure. *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346 (6th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). Nor does state law create a liberty interest in the grievance procedures. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Having failed to allege the deprivation of any right secured by the Constitution or laws of the United States, Plaintiff has failed to state a § 1983 claim as to the alleged denial of an insufficient jail grievance procedure, and this claim will be dismissed.

### 3. Access to the Court

Plaintiff states that he has an ongoing case pending in Franklin Circuit Court. He alleges that Defendant Herrington denied him access to the courts by his repeated denials of Plaintiff's requests for copies, writing paper, and envelopes. Plaintiff has a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is denied if prison officials deprive him of a "reasonably adequate opportunity" to challenge his sentence or the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Deprivation of this right "in some theoretical sense" will not establish a violation of the right to access the courts. *Id.* Rather, Plaintiff must show "actual prejudice to non-frivolous claims." *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). In the present case, Plaintiff fails to show "actual prejudice to non-frivolous claims." He points to no effect or prejudice the alleged denial of copies, paper, and envelopes had on his access to the courts. Further, the Court notes that while incarcerated,

Plaintiff filed this present case in federal court. Plaintiff has failed to state a § 1983 claim as to the alleged denial of access to the courts; thus, this claim will be dismissed.

### 4. Conditions of Confinement

Plaintiff alleges that Defendant Herrington violated the Eighth Amendment's prohibition against cruel and unusual punishment when he served inadequate meals in the institution and denied Plaintiff's repeated requests for hygiene items, including soap and toothpaste. As to his concern about the meals, Plaintiff states only that Defendant Herrington is "serving Meals that are way under the required Balance Diets serving Are small And ½ the size they should be for Bal Diet." Plaintiff states nothing further about the meals. As to his denial of hygiene items, Plaintiff alleges that he requested soap and toothpaste on numerous occasions and that Defendant Herrington refused his requests. Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, with the passage of the PLRA, Congress required that there must be a showing of physical injury in order to bring an action for emotional injury. *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040 (6th Cir. Dec. 13, 1999); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). The Sixth Circuit has "indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Plaintiff has failed to set forth any physical injury he suffered as a result of the denial of the requested hygiene items and

insufficient meals at the institution. "A speculative injury does not vest a plaintiff with standing." *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000). Furthermore, since filing his complaint, Plaintiff has been transferred to another facility. Thus, the threat of future injury has ended. Having failed to state a claim as to the conditions of confinement, these claims will be dismissed from this action.

### 5. Medical and Dental Claims

Plaintiff contends that during his incarceration at the Henderson County Jail he requested medical treatment for his bipolar disorder and constipation, and he sought dental treatment for a tooth problem he was experiencing. Plaintiff asserts that Defendant Herrington denied these requests for treatment. Plaintiff claims that in denying his requests for treatment, Defendant Herrington was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On initial review the Court will allow the individual-capacity claims for damages for the asserted denial of medical and dental care to proceed against Defendant Herrington.

## C. Retaliation Claim

In his complaint Plaintiff asserts that "this Defendant Lock down the plaintiff for Using his rights to the Franklin Circuit Court on A ongoing Action in that Court." Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). As previously discussed, Plaintiff has a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. at 821. This right is denied if prison officials deprive him of a "reasonably adequate opportunity" to challenge his sentence or the conditions of his confinement. *Lewis v. Casey*, 518

U.S. at 351. As to his retaliation claim, Plaintiff fails to connect the alleged retaliation to any specific Defendant; he merely states that "this Defendant" was responsible. Additionally, he gives scant details as to the alleged reason for the retaliation, only stating that it resulted from "Using his rights to the Franklin Circuit Court." Being mindful of its duty to construe the complaint in the light most favorable to the Plaintiff, the Court will allow Plaintiff to amend his retaliation claim to name the Defendant to which he refers and provide additional detail as needed to support this claim.

## IV. ORDER

**IT IS ORDERED** that the medical and dental claims shall proceed against Defendant Herrington in his individual capacity for monetary damages.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Memorandum Opinion and Order Plaintiff may amend his retaliation claim to provide more details including who retaliated against him and how. Plaintiff's failure to file an amended complaint as to his retaliation claim within 30 days will result in dismissal of the retaliation claim. The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 form, affixing this case number on it for Plaintiff's use in amending the retaliation claim.

Finally, **IT IS ORDERED** that **all other claims are DISMISSED**. As all claims are dismissed against Defendant Thompson, the Clerk of Court is **DIRECTED** to terminate her as a party to this action.

The Court passes no judgment on the merits or ultimate outcome of this case. The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date: August 2, 2012

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.003